United States District Court
Southern District of Texas
**ENTERED**
March 24, 2023
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| CHOICIE H.,[1] | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:21-cv-2563 |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | § § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND ORDER

Plaintiff Choicie H. ("Plaintiff") filed this suit seeking judicial review of an administrative decision. Pl.'s Compl., ECF No. 1. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner" or "Defendant") denying Plaintiff's claim for disability insurance benefits under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act").[2] The

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] On January 5, 2022, based on the parties' consent, the case was transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Consent & Transfer Order, ECF No. 11.

Parties filed cross-motions for summary judgment. Pl.'s MSJ, ECF No. 13; Pl.'s MSJ Br., ECF No. 13-1; Def.'s MSJ, ECF No. 18.

Plaintiff challenges that the Administrative Law Judge's ("ALJ") determination that she was not disabled—because she could return to past relevant work and, in the alternative, she could perform light work—was not supported by substantial evidence. ECF No. 13-1 at 5-8. Defendant responds that the ALJ's RFC determination that she could perform light work, her ability to do past relevant work, and the determination under the medical-vocational guidelines that she was not disabled were supported by substantial evidence. ECF No. 18 at 4-11. Based on the briefing, the law, and the record, the Court determines that the ALJ's determination that the Plaintiff could return to past relevant work was not supportable. His finding that she could engage in light work and under the medical-vocational guidelines that she was not disabled, however, was supported by substantial evidence. Thus, Plaintiff's motion for summary judgment is denied and the Commissioner's motion for summary judgment is granted.

## I.   BACKGROUND

Plaintiff is 57 years old, R. 192,[3] and has some high school education.[4]

---

[3] "R." citations refer to the electronically filed Administrative Record, ECF No. 14.

[4] Although Plaintiff reported on her Disability Report that she had completed high school, R. 230, during the hearing, Plaintiff testified that she only completed tenth grade, R. 39-40. The Court need not resolve this discrepancy in deciding the parties' motions.

Plaintiff previously worked as a store manager, hotel manager, and childcare provider. R. 220. Plaintiff claims she suffers from multiple physical impairments that prevented her from returning to work. R. 229.

On April 15, 2020, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. R. 200. On May 8, 2020, Plaintiff filed her application for SSI under Title XVI of the Social Security Act. R. 192. Plaintiff originally alleged a disability onset date of July 2, 2010, R. 235; however, she amended the onset date to April 28, 2020, ECF No. 13-1 at 1 (citing ALJ Decision, R. 17).[5] Plaintiff based her applications for benefits on limitations

---

[5] Although the application is dated May 8, 2020, the ALJ stated that Plaintiff filed her Title XVI application for SSI on April 28, 2020. R. 17. This would explain why Plaintiff amended her onset date to April 28, 2020 for her SSI claim because she is not entitled to any SSI payments before the date of the application, regardless of when the disability started. 20 C.F.R. § 416.501. However, at the hearing before the ALJ, her attorney represented that they were amending the onset date from July 2, 2010 to April 28, 2020, were dropping the claim for disability insurance benefits, and would go forward only on the SSI claim under Title XVI. R. 37-38; *see* R. 235 (noting in her Disability Report the potential onset dates for SSI as 4/28/2020 and disability as 7/2/2010). To qualify for disability insurance benefits, a plaintiff bears the burden of proving that the disability arose before the date last insured. 20 C.F.R. § 404.1512. If the disability arose after the date last insured, a plaintiff will not be entitled to receive any disability insurance benefits. *Ray L. v. Kijakazi*, No. 4:19-CV-4362, 2021 WL 3742023, at *4 (S.D. Tex. Aug. 24, 2021). The date last insured is December 31, 2011. R. 19. Thus, Plaintiff would have to show that her disability arose on or before that date. Despite the lawyer's representations at the hearing as to the amended onset date and waiver of the disability benefits claim, the ALJ's opinion relies on the July 2, 2010 onset date, R. 18, and the April 28, 2020 onset date, R. 25-26, and applied both Title II and Title XVI, R. 17. Plaintiff cites to inconsistencies in the dates the ALJ considered, ECF No. 13-1 at fn. 1, but fails to recognize that the disability insurance claim under Title II was apparently withdrawn at the hearing and the ALJ fails to recognize that as well. The Commissioner stated that the claims were denied for both disability insurance and supplemental security income. ECF No. 18 at 1. Since the parties did not raise the issue and the ALJ decided the claim under both Title II and Title XVI, R. 25-26, any error is waived. *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018). Thus, the relevant period is from July 2, 2010, the disability insurance onset date, through February 2, 2021, the date of the Commissioner's final decision. ECF No. 18 at 1.

stemming from heart problems, diabetes, high blood pressure, high cholesterol, depression, hormone problems, fluid retention issues, acid reflux, and chest problems. R. 229.

A hearing was held before an ALJ. An attorney represented Plaintiff at the hearing. R. 32. Plaintiff and a vocational expert ("VE") testified at the hearing. *Id*. The ALJ issued a decision denying Plaintiff's request for disability insurance benefits and SSI. R. 17–31.[6] The Appeals Council denied Plaintiff's request for review, thus upholding the ALJ's decision to deny disability benefits. R. 1-6. Plaintiff filed suit appealing the determination. ECF No. 1.

## II. STANDARD OF REVIEW OF THE COMMISSIONER'S DECISION.

The Social Security Act provides for district court review of any final decision

---

[6] An ALJ must follow five steps in determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(4). The ALJ here determined Plaintiff was not disabled at step four. R. 20. At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since the alleged onset date of April 28, 2020. R. 19 (citing 20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*). At step two, the ALJ found that Plaintiff has the following severe impairments: ischemic heart disease, carotid artery stenosis and obesity. R. 24 (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in the regulations that would lead to a disability finding. R. 20 (referencing 20 C.F.R. §§ 404.1520(d), 404.1525, 416.920(d), 416.925, and 416.926). Between step three and step four, the ALJ also found that Plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. §§ 404.156(b) and 416.967(b)). R. 21. At step four, the ALJ found that Plaintiff could perform her past relevant work as a child monitor. R. 25. In the alternative, the ALJ found that, if she is not capable of performing her past work, with an RFC to perform the full range of light work she was not disabled based on Medical-Vocational Rule 202.11. *Id*. The ALJ also found that the Plaintiff has not been under a disability from July 2, 2010, through the date of the decision, R. 18, or from April 28, 2020 through the date of the decision, R. 25.

of the Commissioner that was made after a hearing in which the claimant was a party. 42 U.S.C. § 405(g). In performing that review:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . ., with or without remanding the cause for a rehearing. The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]

*Id.*

Judicial review of the Commissioner's decision denying benefits is limited to determining whether that decision is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied. *Id.*; *see also Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quotations omitted). It is "more than a scintilla but less than a preponderance." *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). The "threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

The Court weighs four factors to determine "whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history." *Conley-Clinton v. Saul*,

787 F. App'x 214, 216 (5th Cir. 2019) (citing *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995)).

A reviewing court may not reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner, even if the evidence preponderates against the Commissioner's decision. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). Even so, judicial review must not be "so obsequious as to be meaningless." *Id.* (quotations omitted). The "substantial evidence" standard is not a "rubber stamp" for the Commissioner's decision and involves "more than a search for evidence supporting the Commissioner's findings." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 943 (N.D. Tex. 2015) (quoting *Martin v. Heckler*, 748 F.2d 1027, 1031 (5th Cir. 1984)). Rather, a reviewing court must scrutinize the record as a whole, considering whatever fairly detracts from the substantiality of evidence supporting the Commissioner's findings. *Singletary*, 798 F.2d at 823. "Only where there is a 'conspicuous absence of credible choices or no contrary medical evidence' will we find that the substantial evidence standard has not been met." *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009).

## III.   THE SHIFTING BURDEN OF PROOF IN A DISABIILITY CASE.

"An individual claiming entitlement to benefits under the Act has the burden of proving his disability." *Parrish v. Berryhill*, 237 F. Supp. 3d 520, 523 (S.D. Tex. 2017) (citing *Johnson v. Bowen*, 864 F.2d 340, 344 (5th Cir. 1988)). The Act defines

disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d) (1)(A) (2000). The impairment must be proven through medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3) (2000). The impairment must be so severe that the claimant is "incapable of engaging in any substantial gainful activity." *Foster v. Astrue*, No. H-08-2843, 2011 WL 5509475, at *6 (S.D. Tex. Nov. 10, 2011) (citing *Anthony v. Sullivan*, 954 F.2d 289, 293 (5th Cir. 1992)).

The Commissioner applies a five-step sequential process to determine disability status. *Id.* The claimant bears the burden of proof at the first four steps to establish that a disability exists. *Farr v. Astrue*, No. G-10-205, 2012 WL 6020061, at *2 (S.D. Tex. Nov. 30, 2012). The burden shifts to the Commissioner at step five to show that the claimant can perform other work. *Id.* The burden then shifts back to the claimant to rebut this finding. *Id.* If at any step in the process the Commissioner determines that the claimant is or is not disabled, the evaluation ends. *Id.*

## IV.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT.

In challenging the ALJ's finding that she is not disabled, Plaintiff raises two issues. First, Plaintiff argues the ALJ erred in finding her not disabled based on her ability to perform past relevant work because her work as a child monitor providing

7

daycare to children was not substantial gainful activity. ECF No. 13-1 at 6. Second, the ALJ's alternative basis for finding the Plaintiff not disabled—that she could perform the full range of light work and therefore was not disabled under the medical-vocational guidelines—was not supported by substantial evidence because the ALJ improperly rejected the opinion of her treating medical provider. *Id.* at 8. Defendant argues that substantial evidence supported the ALJ's RFC determination that she could perform light work. ECF No. 18 at 4-7. Based on that determination, the Commissioner argues that the ALJ properly determined Plaintiff could perform her past relevant work and that the medical-vocational guideline ("Grids") directs a finding that she is not disabled. *Id.* at 8-10. The Court addresses each issue in turn.

### A. Substantial Evidence Supports The ALJ's RFC Analysis That Plaintiff Can Perform Light Work.

Before reaching step four of the evaluation process, the ALJ must determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4). RFC is a "determination of the most the claimant can still do despite his physical and mental limitations and is based on all relevant evidence in the claimant's record." *Perez v. Barnhart*, 415 F.3d 457, 462 (5th Cir. 2005) (citing 20 C.F.R. § 404.1545(a)(1)). This evidence includes, but is not limited to, "medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations." *Roe v. Astrue*, No. 11-CV-226, 2013 WL 490676, at *4 (N.D. Tex. Feb. 8, 2013); *see Hollis v. Bowen*, 837 F.2d

1378, 1386-87 (5th Cir. 1988) ("A person's [RFC] is determined by combining a medical assessment of an applicant's impairments with descriptions by physicians, the applicant, or others of any limitations on the applicant's ability to work.").

The RFC determination is the sole responsibility of the ALJ. *Taylor v. Astrue*, 706 F.3d 600, 602–03 (5th Cir. 2012) (citing *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). As administrative factfinder, the ALJ is entitled to significant deference in deciding the appropriate weight to accord the various pieces of evidence in the record. *See Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985). However, the "ALJ must consider all the record evidence and cannot 'pick and choose' only the evidence that supports his position." *Switzer v. Heckler*, 742 F.2d 382, 385–86 (7th Cir. 1984). The ALJ must address and make specific findings regarding the supporting and conflicting evidence, the weight to give that evidence, and reasons for his or her conclusions regarding the evidence. *Armstrong v. Sullivan*, 814 F. Supp. 1364, 1373 (W.D. Tex. 1993).

Plaintiff argues that the ALJ's opinion is not supported by substantial evidence because he disregarded the only medical opinion and relied on his own unsupported opinion as to Plaintiff's limitations. ECF No. 13-1 at 9-11. She further contends that the ALJ cherry picked the evidence to support his conclusion. ECF No. 13-1 at 11. Plaintiff's arguments are without merit.

Contrary to Plaintiff's assertion of cherry-picking, there is no need for the ALJ

to discuss each and every piece of evidence in the record, nor does the ALJ's failure to discuss certain evidence establish a failure to consider the evidence. *See Castillo v. Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005) (citing *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994)); *Bordelon v. Shalala*, No. 94-30377, 1994 WL 684574, at *1 (5th Cir. Nov. 15, 1994). The ALJ determined that Plaintiff could perform the full range of light work. R. 21-25. In reaching his conclusion, the ALJ reviewed all the medical opinions, the prior administrative medical findings, and the objective medical evidence. *Id.* [7] In addition, he considered Plaintiff's statements and testimony regarding her activities of daily living, limitations, and pain, including the fact that she does not do housework, but tries to cook sometimes, cannot stand for more than ten to fifteen minutes, cannot lift more than a light grocery bag, and there are days she needs help with personal care. R. 22. [8]

In conducting the RFC determination, the ALJ considered both conflicting and supporting evidence. He found her impairment could be expected to cause the

---

[7] The records included objective test results. R. 22-24 (describing May 8, 2020 Treatment Notes, R. 469-74; June 3, 2020 Ultrasound Carotid Report, R. 1144-46; May 21, 2020 Echocardiogram Transthoracic Report, R. 1146-49; May 21, 2020 Chest PA and Lateral Upright Series Report, R. 1149-50; June 15, 2020 Duplex Scan of Extracranial Arteries Bilateral, R. 1339-40; May 14, 2020 Cardiology History and Physical Exam, R. 1371-76; June 15, 2020 CPAP Polysomnography Report, R. 1542-44; August 24, 2020 Ultrasound Lower Extremity Venous Report, R. 1575; December 4, 2020 Cardiology Examination, R. 1581-87).

[8] The ALJ described that Plaintiff tried to cook sometimes, primarily passed time sitting in a chair or reclining in bed most days. R. 21. Plaintiff also does not go for walks because she is afraid of passing out. *Id.* However, Plaintiff sleeps well using her CPAP machine and her blood sugars are well controlled. *Id.* Plaintiff also exercises for twenty to thirty minutes two to three times per week with a yoga and leg exercise video. R. 24 (citing R. 1581, December 10, 2020 Treatment notes).

alleged symptoms but also found that Plaintiff's statements concerning the intensity, persistence, and limiting effects were not entirely consistent with the medical evidence. *Id.* He reviewed the medical records and objective medical evidence in detail. R. 22-24. He reviewed the medical assessments from Plaintiff's treating medical provider. R. 24. He found them unpersuasive as without an explanation and not consistent with the objective medical findings in the record. R. 24. He considered the opinions of the two state consultants and found them consistent with the objective medical findings, which he discussed. R. 24-25. Based on the record, the ALJ concluded that she could perform work at the light exertional level, which accounted for the limitations he found credible. R. 25.[9]

What Plaintiff claims is cherry-picking and relying on his own opinion is the ALJ performing his job. As the trier of fact, the ALJ is entitled to weigh the evidence against other objective findings. *See Walker v. Barnhart*, 158 F. App'x 535, 536 (5th Cir. 2005). Since the ALJ considered both conflicting and supporting evidence when formulating the RFC determination, substantial evidence supports the ALJ's decision that Plaintiff can perform the full range of light work.

### B. The ALJ Erred In Finding That Plaintiff' Work As A Child Monitor Qualified as Substantial Gainful Employment.

Plaintiff argues that the ALJ erred in finding that Plaintiff's past relevant work

---

[9] Light work involves lifting no more than 20 pounds at a time, with frequent lifting or carrying objects weighing up to 10 pounds.  20 C.F.R. §§ 404.1567(b), 416.967(b).

constituted substantial gainful employment when her certified earnings record demonstrated that her earnings were below the relevant threshold. ECF. No 13-1 at 6. Defendant responds only that any error is harmless. ECF No. 18 at 9. Plaintiff's argument has merit.

"Past relevant work is work that [the claimant] ha[s] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn to do it." 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). A job may be considered past relevant work only if it involved "substantial gainful activity." 20 C.F.R. § 404.1565(a). To determine whether past work is substantial gainful activity, the earnings derived from the work are considered. 20 C.F.R. § 404.1574(a)(1) and 416.974(a)(1).

Here, the ALJ relied on Plaintiff's work history report, where she reported that she earned $250 per week providing childcare from August 2007 through October 2009. R. 220. Specifically, the ALJ concluded that:

> The claimant indicated she did child[care] work from August 2007 through October 2009 at the rate of $250.00 per week. This amount calculates to $13,000 [per year] or $1,083 per month. For the year 2007, the allowable income was $900 per month, for 2008 it was $940 per month and for 2009 it was $980 per month. Therefore, the claimant was working above substantial gainful employment thresholds and her position of [c]hild monitor was prior relevant work.

R. 25.

In performing this analysis, however, the ALJ did not consider the certified

earnings record, R. 202-04, which indicated that that the Plaintiff made considerably less than what the ALJ deduced from the information in her work history report, R. 219-27. The certified earnings record reflects the following: in 2007, Plaintiff made $5,740.30; in 2008, she made $7,421.00; and, in 2009, no earnings are reflected. R.203. Plaintiff argues that this evidence establishes that she did not make sufficient earnings for her childcare work to qualify for past relevant work; and, therefore, the ALJ's determination that she could perform this past relevant work was unsupported. ECF No. 12-1 at 6.

The Second Circuit addressed this same issue. *See Klemens v. Berryhill*, 703 F. App'x 35 (2d Cir. 2017). In that case, the court found that the ALJ's decision required remand because "[t]he ALJ did not, for example, find (or even allude) that Klemens's certified earnings record omitted certain income, nor did the ALJ expressly recognize the existence of (much less reconcile) the various pieces of contradictory evidence." *Id.* at 38. Similarly, the ALJ here implicitly rejected the certified earnings report but failed to provide any explanation of his reasoning or to even confirm that he had considered it. R. 25. Accordingly, the ALJ's failure to reconcile this conflicting evidence was error.

Unlike in *Klemens*, however, this error does not require remand. Here, the ALJ provided an alternative basis for finding Plaintiff was not disabled.

### C. Substantial Evidence Supports The ALJ's Finding That Plaintiff Was Not Disabled Under Medical Vocational Rule 202.11.

As an alternative, the ALJ also found that Plaintiff was not disabled because she could perform the full range of light work and medical vocational Rule 202.11 ("the Grids") directed a finding of not disabled. R. 25. As to this determination, Plaintiff asserts the ALJ erred because he failed to properly consider the medical opinion of her treating medical provider, Physician Assistant Crystal Thomas. ECF No. 13-1 at 8. Specifically, Plaintiff argues the ALJ did not properly assess the supportability and consistency factors when reviewing PA Thomas's opinion. *Id*. The Court finds this objection meritless.

When making the RFC determination, the ALJ must consider all medical opinions contained in the record. *Winston*, 755 F. App'x 399; 42 U.S.C. § 405(b)(1). The ALJ must "incorporate limitations into the RFC assessment that were most supported by the record." *Conner v. Saul*, No. 4:18-CV-657, 2020 WL4734995, at *8 (S.D. Tex. Aug 15, 2020) (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). The revised Social Security guidelines[10] require consideration of several factors, the most important of which are consistency and supportability. 20 C.F.R. § 404.1520c(b).[11] Under these guidelines, the ALJ must articulate how persuasive

---

[10] Because Plaintiff filed her claim on April 28, 2020, the ALJ was required to follow the revised guidelines in conducting Plaintiff's RFC assessment. 20 C.F.R. § 404.1520c(a); *Winston*, 755 F. App'x at 402, n. 4.

[11] These factors include supportability, consistency, the physician's relationships with plaintiff,

he finds each of the opinions in the record. 20 C.F.R. § 404.1520c(b).[12]

### 1. The ALJ's supportability analysis of PA Thomas's opinion was proper.

The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 416.920c(c)(1). In other words, "supportability looks internally to the bases presented by the medical opinion itself." *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022). "In articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, that the physician did not consider certain evidence, did not examine the claimant, or did or did not provide a detailed explanation for [their] opinion." *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (citations omitted) (collecting sources).

PA Thomas submitted two medical source statements opining on Plaintiff's

---

the physician's specialization, evidence showing the medical source is familiar with the other evidence in the claim, or that the medical source understands the disability program's policies and evidentiary policies. *Id.*

[12] The revised guidelines have eliminated the former requirement that the ALJ give deference to the opinions of treating physicians. *Garcia v. Saul*, No. SA-19-CV-01307-ESC, 2020 WL 7417380, at *4 (W.D. Tex. Dec. 18, 2020) (explaining that despite the revised regulations, previous decisions are still relevant as supportability and consistency have always been the most important considerations.).

mental and physical health, respectively. The first medical source statement was a Mental Capacity Assessment checkbox form. R. 1129-31. PA Thomas did not identify any limitations for Plaintiff on this form because she has no diagnosed mental health disorders. *Id*. The second medical source statement was a Physical Capacity Assessment checkbox form. R. 1132-33. In that form, PA Thomas opined that Plaintiff could walk two city blocks without rest; could sit and stand/walk for up to four hours each over an eight-hour workday; would need two unscheduled breaks per eight-hour workday; and could never lift anything, including objects weighing less than ten pounds. R. 1132.

The ALJ stated he did not find the opinion persuasive because "there is no explanation for her opinion and it is not supported by objective medical findings." *See* R. 24. This alone would be sufficient for the ALJ to find that supportability weighed against finding PA Thomas's opinion persuasive. *See Perez*, 415 F.3d at 466 (recognizing that a treating provider's opinion can be given little or no weight when they are "brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence") (quoting *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994)) (emphasis omitted). Moreover, a check box form is the type of evidence that courts routinely discount as conclusory. *See, e.g., M. v. Kijakazi*, No. 4:20-CV-01227, 2021 WL 3931057, at *5 (S.D. Tex. Sept. 2, 2021) (finding "opinion consist[ing] of conclusory

16

check-box findings without further explanation . . . unpersuasive and not well supported"); *Conner v. Saul, No. 4:18-CV-657*, 2020 WL 4734995, at *6 (S.D. Tex. Aug. 15, 2020) ("check-box form with almost no explanation, is precisely the type of conclusory opinion that need not be afforded controlling weight."); *Cuellar v. Saul*, No. 5:18-CV-175, 2020 WL 13413198, at *5 (S.D. Tex. June 2, 2020) ("an ALJ may discount the opinion of a treating physician for good cause when the treating physician's evidence is conclusory or unsupported by other evidence").

Plaintiff argues that her physical restrictions were sufficiently explained because PA Thomas based them on Plaintiff's diagnoses of type II diabetes, hypertension, hyperlipidemia, and morbid obesity. ECF No. 13-1 at 9. However, simply naming Plaintiff's conditions does not sufficiently explain why the restrictions PA Thomas identified were appropriate. *See Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011) (finding good cause to assign little weight to a treating physician's questionnaire opinion "due to its brevity and conclusory nature, lack of explanatory notes, or supporting objective tests and examinations").

Accordingly, substantial evidence supported the ALJ's supportability analysis.

### 2. The ALJ properly assessed the consistency of PA Thomas's opinion.

The consistency factor is "'an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record.'" *Shugart v.*

*Kijakazi*, No. 3:21-CV-00007, 2022 WL 912777, at *3 (S.D. Tex. Mar. 29, 2022) (quoting *Vellone ex rel Vellone v. Saul*, No. 1:20-CV-00261 (RA) (KHP), 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021), *report and recommendation adopted*, No. 20-CV-261 (RA), 2021 WL 2801138 (S.D.N.Y. July 6, 2021)). Therefore, consistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals. *See Hubbard v. Comm'r of Soc. Sec.*, No. 4:20-CV-00588-BP, 2022 WL 196297, at *4 (N.D. Tex. Jan. 21, 2022) (comparing a doctor's opinion to that of two state agency medical consultants).

Plaintiff argues that the ALJ erred in failing to properly address the consistency factor in evaluating PA Thomas's medical opinions. ECF No. 13-1 at 8-9. A review of the ALJ's decision reveals that this complaint is unsupported. *See Gonzales v. Kijakazi*, No. 4:20-CV-00270, 2021 WL 3777181, at *3 (S.D. Tex. Aug. 3, 2021) (courts may look beyond specific explanation of supportability and consistency in assessing whether ALJ complied with regulations). Even though PA Thomas was Plaintiff's treating medical provider and must have had records from visits, the check box form does not tie the findings to any objective medical evidence or treatment notes. Other than pointing to PA Thomas' teatment notes documenting her BMI showing obesity, Plaintiff cites no other records in support of the opinion. ECF No. 13-1 at 9 (citing R. 469).

In his decision, the ALJ found that the opinion was not supported by objective medical findings and were significantly overstated. R. 24. As an example, the ALJ states that "there is nothing in the record to support" PA Thomas's finding that Plaintiff "cannot lift any weight." *Id.* After dismissing PA Thomas' check box form opinion, the ALJ refers to the opinions of state agency medical consultants, Dr. Hegde and Dr. Ligon. R. 24-25. He found their opinions were persuasive because they were consistent with the objective medical findings. R. 25. He then discussed the echocardiograms and myocardial perfusion study, finding these results precluded strenuous exertion but do not establish functional limitations that would preclude light work. *Id.*

In fact, the record supports his analysis as both agency doctors reviewed the medical record and found Plaintiff not disabled. After reviewing Plaintiff's medical record,[13] Dr. Hegde concluded that Plaintiff's statements about the intensity, persistence, and functionally limiting effects of the symptoms were not substantiated by the objective medical evidence. R. 63. Contrary to PA Thomas's finding, Dr. Hegde found that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and was capable of standing or walking with normal breaks for

---

[13] May 8, 2020 Physical Assessment, R. 1132-33; May 8, 2020 Treatment Notes, R. 1525; May 14, 2020 Treatment Notes, R. 1371; May 21, 2020 Chest Radiography, R. 1500; June 3, 2020 Carotid Ultrasound, R. 1484; June 5, 2020 Coronary computed tomography angiography, R. 1486; June 10, 2020 Treatment Notes, R. 1350.

approximately six hours out of an eight-hour day. R. 64. Ultimately, Dr. Hegde determined that Plaintiff was not disabled. R. 67.

Similarly, after reviewing the record evidence,[14] Dr. Ligon found Plaintiff's statements regarding her symptoms to only be partially consistent with the evidence of record. R. 77. Dr. Ligon also found that Plaintiff could occasionally lift twenty pounds, frequently lift ten pounds, and could stand or walk with normal breaks for approximately six hours out of an eight-hour day. R. 78. Like Dr. Hegde, Dr. Ligon concluded that Plaintiff was not disabled. R. 81.

In sum, the opinions of Dr. Hegde and Dr. Ligon directly contradict the opinion of PA Thomas. Therefore, the ALJ's decision finding PA Thomas not persuasive was supported based on its lack of consistency with other medical opinions and the objective medical evidence in the record the ALJ considered. *See Roger C. v. Kijakazi*, No. 4:20-CV-01807, 2021 WL 4243582, at *4 (S.D. Tex. Sept. 18, 2021) (finding that ALJ properly found that medical opinion was not persuasive based on consistency factor where it conflicted with other medical opinions in the record).

Accordingly, the Court finds that substantial evidence supported the ALJ's

---

[14] September 27, 2018 Treatment Notes, R. 306; May 8, 2020 Treatment Notes, R. 1525; May 8, 2020 Mental Assessment, R. 1129-31; May 8, 2020 Physical Assessment, R. 1132-33; May 14, 2020 Treatment Notes, R. 1371; May 21, 2020 Chest Radiography, R. 1500; May 26, 2020 Function Report, R. 247-55; June 3, 2020 Carotid Ultrasound, R. 1484; June 5, 2020 Coronary computed tomography angiography, R. 1486; June 10, 2020 Treatment Notes, R. 1350.

consistency analysis.

## V. CONCLUSION

The Court **DENIES** the Plaintiff's motion for summary judgment, ECF No. 13, and **GRANTS** Commissioner's motion for summary judgment, ECF No. 18.

**SIGNED** at Houston, Texas, on March 23, 2023.

*Dena Palermo*
_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**